**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NO-BURN, INC., | ) | CASE NO. 5:08 cv 1990 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| PEDRO MURATI, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a motion for mandatory injunction filed by defendant Pedro Murati ("Murati" or "Defendant") (Doc. No. 3.) In the motion, Murati, a corporate shareholder, seeks an order allowing him access to inspect the corporate records of Plaintiff No-Burn, Inc. ("No-Burn" or "Plaintiff"). No-Burn filed a response in opposition to the motion, and Murati replied.

**I. Factual and Procedural Background**

No-Burn is an Ohio corporation with its principal place of business in Wadsworth, Ohio. (Compl. ¶ 1.) No Burn manufactures, markets, and distributes fire-resistant treatments for wood. Defendant Murati is a Kansas resident who became a minority shareholder of No-Burn in May 2008 when he invested $600,000 in the company.

According to Murati, he became concerned about the status of his investment upon receiving No-Burn's unaudited 2007 annual report in February 2008. On its face, the report showed that No-Burn, despite increasing its sales, was losing money. The annual report showed

that No-Burn's sales growth was outpaced by a significant increase in operating expenses, attributable at least in part to increases in legal fees, salaries and wages, and contract labor.

On or about March 10, 2008, in advance of the upcoming annual shareholders meeting, Murati first made an informal request for documents in an email to No-Burn President William Kish. (Declaration of William Kish, Ex. B, Doc. No. 6-2.) In an email response, Kish asked Murati to specify those documents he wished to review, and Murati replied: "Pretty much everything in the accounting department, payroll documents, all sorts of invoices, contracts, dealership agreements, etc etc." (Kish Decl., Ex. B.) Kish then informed Murati that the records he was requesting would not be available at the shareholder meeting. However, Kish stated, "If you would like to come back another time you have the right to view records, this would be done with myself and our accountants present." (*Id.*)

Murati attended the annual meeting on March 14, 2008. As promised, the documents he sought to review were not produced. Murati voiced his request at the meeting, and the following response was provided, as recorded in the minutes of the meeting prepared by No-Burn's corporate secretary:

> Pedro Murati also inquired as to whether there were records and backup information available for certain accounts referred to on the financial statements. Mr. Kish informed Mr. Murati that such a request was inappropriate for this meeting. Mr. Murati disagreed and cited various corporate shareholder rights. Jeffrey Fickes, special counsel to the Corporation with regard to corporate governance issues, explained what is typical concerning access to records by shareholders of a corporation and the method for obtaining such information. He indicated that further review of backup information to the financial statements can be obtained by making a request in writing. Mr. Fickes cited Ohio Revised Code § 1701.37 concerning shareholder rights to records.

(Affidavit of Pedro Murati, Ex. C, Minutes of Annual Meeting of Shareholders, Doc. No. 3-6.)

Following the exhortation of Mr. Fickes, on April 16, 2008, Murati's Kansas counsel prepared and sent to No-Burn a formal written request for documents pursuant to Ohio

Revised Code § 1701.37. (Murati Aff., Ex. D, Doc. No. 3-7.) The April 16, 2008 letter set forth twenty-four items of inquiry, the majority of which related specifically to a spreadsheet of operating expenses previously provided to Murati. On May 21, 2008, No-Burn's attorney, Mr. Fickes, responded to Murati's written request, declaring that "[a]t this time, the company cannot allow Mr. Murati to examine any documents or records of the company." (Murati Aff., Ex. E, Doc. 3-8, at 2.) No-Burn justified its complete rebuff of the request by claiming that Murati failed to "satisf[y] even the basic statutory requirements contained in Ohio Revised Code Section 1701.37[,]" the purpose of which, according to No-Burn, "is to eliminate the risk of harassment by shareholders or the demand of access to records for a vexatious purpose or to simply satisfy curiosity."[1] (*Id.* at 2-3.) Its complete refusal to provide any documents notwithstanding, No-Burn's response included brief (generally one- or two-sentence) responses to each of Murati's twenty-four areas of inquiry.

On August 4, 2008, Murati's counsel sent another letter to No-Burn reiterating Murati's request, this time outlining a total of eighteen document requests. (Murati Aff., Ex. F, Doc. No. 3-9.) In lieu of a response, No-Burn filed this action for declaratory judgment in the Summit County Court of Common Pleas. (Doc. No. 1-3.) In its complaint, No-Burn asserts that "[a] dispute and controversy has arisen between [No-Burn] and Murati as to what documents and information are required to be produced by a corporation to its shareholders under R.C. § 1701.37." (Compl. ¶ 12.) Generally speaking, No-Burn takes issue with the breadth of Murati's document requests, complaining that "Murati has repeatedly taken the position that he is entitled to virtually any corporation information of [No-Burn], irrespective of whether he is entitled to such information under R.C. § 1701.37." (Compl. ¶ 11.) Nevertheless, No-Burn declares its

---

[1] No-Burn's assertion of a legal deficiency in Murati's records request is completely unexplained.

"read[iness] to produce all information required to be produced to a shareholder in accordance with R.C. § 1701.37." (*Id.*)

Pursuant to 28 U.S.C. § 1441, Murati removed the action to this Court on August 15, 2008, invoking jurisdiction based on the federal diversity statute, 28 U.S.C. § 1332. Shortly thereafter, Murati filed the instant motion seeking a mandatory injunction allowing him access to inspect No-Burn's corporate records in accordance with Ohio Rev. Code. § 1701.37. (Doc. No. 3.) On September 4, 2008, Murati filed an answer and counterclaim in response to the complaint.[2] (Doc. No. 5.)

## II. Law and Analysis

In removing the action to this Court, Murati asserts diversity as the basis for the Court's jurisdiction. No-Burn has not moved to remand or sought dismissal for lack of subject-matter jurisdiction.[3] Parties cannot, however, stipulate to or waive issues of jurisdiction. *Corbin v. Blankenburg*, 39 F.3d 650, 655 (6th Cir. 1994) (citations omitted). "[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court must, therefore, independently review Murati's jurisdictional assertions.

The federal diversity statute provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 [. . .] and is between [. . .] citizens of different states [. . .]." 28 U.S.C. § 1332. Murati, a Kansas resident, and

---

[2] Murati's counterclaim merely sets forth his request for injunctive relief, which is coextensive with the relief sought by way of the instant motion.
[3] No-Burn has, however, asserted lack of subject-matter jurisdiction as an affirmative defense to Murati's counterclaim. (No-Burn's Answer to Counterclaim, Doc. No. 9, at 3.)

No-Burn, an Ohio corporation, clearly satisfy the diversity of citizenship requirement. For this Court to possess jurisdiction, the case also must meet the $75,000 amount in controversy requirement.

The sole claim in this case is one for declaratory judgment based upon Murati's request, as a corporate shareholder, for access to the corporation's books and records pursuant to Ohio Revised Code § 1701.37. The issue is one of state law. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In the notice of removal, Murati claims that the object of the litigation is his "ability to monitor and protect his investment in No-Burn by obtaining that access to corporate records afforded to shareholders by Ohio law, and which No-Burn seeks to deny him." (Notice of Removal, Doc. No. 1, ¶ 6.) The question is whether the value of this "object" exceeds $75,000. Murati contends that it does. The Court disagrees.

When a defendant removes an action from state to federal court, the defendant must show that the amount in controversy exceeds the applicable statutory threshold. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). "In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). "It is generally agreed that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (quoting *Buckeye Recyclers v. CHEP USA*, 228 F. Supp. 2d 818, 821 (S.D. Ohio 2002)). In this case, originally filed by No-Burn in

state court, no amount in controversy was alleged in the complaint. The notice of removal filed by Murati places the value of the controversy in excess of $75,000. (Notice of Removal, ¶ 7.) Because Murati is the one seeking affirmative relief, he is effectively the plaintiff, and the Court evaluates the value of the controversy from his perspective.[4]

Even if Murati's valuation is given the deference ordinarily accorded a plaintiff's amount in controversy allegation, the Court nevertheless finds to a legal certainty that Plaintiff cannot claim the jurisdictional amount. "[A] plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is 'sufficiently measureable and certain to satisfy the . . . amount in controversy requirement . . . ." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000) (quoting *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 221 (11th Cir. 1997). It is indisputable that the most favorable judgment Murati could receive in this action is an order directing No-Burn to provide him with complete access to the corporate records he seeks. Such an order would have, on its face, no monetary value. Murati claims, however, that such an order would have value because it would permit him to monitor more effectively the value of his significant ($600,000) investment in No-Burn. Thus, what the Court must evaluate for purposes of determining the amount in controversy is the difference between the value of Murati's investment with and without the access to corporate records he seeks by way of this litigation. In the Court's view, such a valuation is nearly impossible, and is far too speculative to sustain diversity jurisdiction.

---

[4] The outcome would be no different if the controversy's value was evaluated from No-Burn's perspective. From No-Burn's point of view, it is attempting to resist Murati's efforts to obtain access to the company's books and records. The value to No-Burn of thwarting Murati's efforts is, either, (a) immeasurable and speculative (when measured as the value of preventing Murati from discovering mismanagement) or (b) unquestionably below the jurisdictional threshold (when measured in terms of the administrative costs of opening up its records to inspection by Murati or his agent, which would be negligible). Under both scenarios, jurisdiction is lacking.

In an analogous case involving a claim for injunctive relief seeking enforcement of a shareholder's right to inspect corporate books and records pursuant to Ohio Rev. Code § 1701.37, the district court held that the plaintiff's claim "cannot be assigned a monetary value," and therefore found to a legal certainty that the § 1701.37(C) claim could not form the basis for diversity jurisdiction. *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 677 (S.D. Ohio 2003). In reaching this conclusion, the court reasoned that "[w]hether inspection of the corporate records would lead in the future to any benefit to plaintiff in the form of an increase in the value of his shares [was] 'too speculative and immeasurable to satisfy the amount in controversy requirement.'" *Id*. (quoting *Ericsson*, 120 F.3d at 221-222). The Court finds the same reasoning applies to this case. It is impossible to place a dollar value on the benefit, if any, Murati would derive from obtaining access to No-Burn's corporate records. For instance, the records might indicate potential malfeasance by No-Burn's management. But even if they do, Murati would not necessarily be entitled to anything. At best, he would become better informed regarding potential actions, legal or otherwise, he could take to safeguard his investment. The dollar value of such actions, if any, is completely unknown and unknowable at this time. On the other hand, it is also possible that the records will convince Murati that his worries about the status of his investment are unfounded because the company is being managed appropriately. In that case, Murati stands to recover considerable peace of mind, but nothing in terms of money. Under these circumstances, Murati's claim cannot be assigned a monetary value and, consequently, is too speculative and immeasurable to satisfy the jurisdictional amount.

"The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties." *Am. Fire & Casualty Co v. Finn*, 341 U.S. 6, 17 (1951). Finding no support for Murati's contention that, under the

circumstances presented, his claim for declaratory and injunctive relief under § 1701.37(C) meets the jurisdictional amount in controversy, the Court finds jurisdiction lacking. Because this case was removed from state court, the appropriate action is remand. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

## III. Conclusion

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction over the claims in this action because the jurisdictional amount in controversy is not satisfied. Accordingly, pursuant to 28 U.S.C. § 1447(c), the action hereby is **REMANDED** to the Summit County Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: September 25, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**